O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KEITH E. ROSS,                           )   Case No. CV 09-6823-JSL (DTB)
                          Petitioner,    )
                                         )   ORDER TO SHOW CAUSE
              vs.                        )
                                         )
K. HARRINGTON, Warden,                   )
                          Respondent.    )
_____    )

On September 18, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.[1]  The Petition purports to be directed to a 1994 conviction sustained by petitioner in Los Angeles County Superior Court.  (See Pet. at ¶¶ 1-2).  Petitioner purports to be raising at least 12 grounds for relief.  (See Pet. at 5A, 5B and ¶7).

Based on its review of the Petition (including the attached documents ["Attachment"]), as well as information derived from the California Appellate Courts website, it appears to the Court (a) that the Petition is time barred, and (b) that some, if not several, of the claims alleged in the Petition are unexhausted.  Accordingly, on or before **November 6, 2009**, petitioner is ordered to show cause in writing (if any he

---

[1]        The Petition was not verified, and no proof of service was attached.

1

has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness[2] and even if the Petition is not time barred, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.[3]   As petitioner failed to sign the Petition under penalty of perjury, as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Court, he is instructed to submit a verified copy of the Petition at the time he files any written response to this Order, and is also ordered to sign any written response to this Order.

## THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).   See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[4]  28 U.S.C. § 2244(d) provides:

---

[2]   The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3]   Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

[4]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 (continued...)

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, according to the Petition (see Pet. at ¶ 4.c) and the California Appellate Courts website, petitioner's Petition for Review was denied by the California Supreme Court on July 16, 1997.  Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was October 14, 1997, when the 90-day period for petitioner to petition the

/ / /

---

[4](...continued)
U.S. 1060 (1999).

3

1  United States Supreme Court for a writ of certiorari expired.  See Bowen v. Roe, 188

2  F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2.

3      From the face of the Petition, it does not appear that petitioner has any basis for

4  contending that he is entitled to a later trigger date under § 2244(b)(1)(B).  Nor does

5  it appear that petitioner has a basis for contending that any of his claims is based on

6  a federal constitutional right that was initially recognized by the United States

7  Supreme Court subsequent to the date his conviction became final and that has been

8  made retroactively applicable to cases on collateral review.  Finally, it appears that

9  petitioner has no basis for contending that he is entitled to a later trigger date under

10  § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of his

11  claims as of the date he was convicted and sentenced.  See Hasan v. Galaza, 254 F.3d

12  1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner

13  "knows (or through diligence could discover) the important facts, not when the

14  prisoner recognizes their legal significance").  Petitioner does purport to claim newly

15  discovered evidence (see Pet. at ¶5, Attachment at 5-6), but it unclear as to when

16  petitioner became aware of such evidence.

17      Thus, unless a basis for tolling the statute existed, petitioner's last day to file

18  his federal habeas petition was October 14, 1997.  See Patterson v. Stewart, 251 F.3d

19  1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

20      28 U.S.C. § 2244(d)(2) provides:

21      "The time during which a properly filed application for State post-

22      conviction or other collateral review with respect to the pertinent

23      judgment or claim is pending shall not be counted toward any period of

24      limitation under this subsection."

25

26      In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104

27  (2000), the Ninth Circuit construed the foregoing tolling provision with reference to

28  California's post-conviction procedures.  The Ninth Circuit held that "the statute of

4

limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006.  Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).  However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge.  See Nino, 183 F.3d at 1006.

Here, petitioner has alleged three collateral challenges in the Petition: the Los Angeles Superior Court habeas petition that petitioner maintains he filed in October, 2007 (See Pet. at ¶ 6.a), which was denied on September 13, 2007; the habeas petition that petitioner filed with the California Court of Appeal on January 28, 2008, and which was denied on February 28, 2008; and the habeas petition which petitioner filed with the California Supreme Court on April 7, 2008, and which was denied on September 17, 2008.  Petitioner is not entitled to any statutory tolling based on any of these collateral challenges, as they were all filed nearly 10 years after petitioner's federal habeas filing deadline of October 14, 1997, already had lapsed.  See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

In Beeler, 128 F.3d at 1287-89, the Ninth Circuit further held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling.  If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and

1  (2) that some "extraordinary circumstances" beyond petitioner's control stood in his
2  way and/or made it impossible for him to file the Petition on time.  See Pace v.
3  DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also
4  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880
5  (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

7                          **THE EXHAUSTION ISSUE**

8          Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner
9  has exhausted the remedies available in the courts of the State.[5]  Exhaustion requires
10 that the prisoner's contentions be fairly presented to the state courts and be disposed
11 of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24
12 (9th Cir. 1994), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225,
13 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the
14 prisoner has described in the state court proceedings both the operative facts and the
15 federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364,
16 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270,
17 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court
18 will not entertain a habeas corpus petition unless the petitioner has exhausted the
19 available state judicial remedies on every ground presented in the petition.  See Rose
20 v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).
21 / / /

22         Here, it is unclear whether all of the claims included in the Petition were

24         [5]      The habeas statute now explicitly provides that a habeas petition brought
25 by a person in state custody "shall not be granted unless it appears that-- (A) the
26 applicant has exhausted the remedies available in the courts of the State; or (B)(i)
27 there is an absence of available State corrective process; or (ii) circumstances exist
   that render such process ineffective to protect the rights of the applicant."  28 U.S.C.
28 § 2254(b)(1).

                                         6

previously presented to the California Supreme Court.  Thus, it is encumbant upon petitioner to specify each claim he has previously presented to the state courts, the court to which he presented such claim, and the result of such presentation.  Petitioner is encouraged to lodge copies of his appellate brief to the California Court of Appeal, as well as his Petition for Review to the California Supreme Court , in the event he files a Response to this Order to Show Cause.

DATED: September 24, 2009

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

7